IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. J. R. N.,<br><br>        *Petitioner*,<br><br>   v.<br><br>LEONARD ODDO, *et al*,<br><br>        *Respondents*. | Civil Action No. 3:26-cv-762<br><br>Hon. William S. Stickman IV |

## <u>ORDER OF COURT</u>

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus. (ECF No. 11).  Petitioner is currently in immigration detention at Moshannon Valley Processing Center.  This is his second habeas petition.  At Case No. 4:26-cv-149-CDL-ALS in the Middle District of Georgia, the district court afforded him habeas relief, and ordered that he receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. That bond hearing occurred on March 31, 2026, and the immigration judge determined that Petitioner was a flight risk.  (ECF No. 21-2).  That determination is unreviewable under 8 U.S.C. § 1226(e). The Court does not have the authority to sit as an appellate court over the determination of the immigration judge and to question his substantive determination on bond.[1]

---

[1] The United States Court of Appeals for the Third Circuit, in two unpublished decisions, has advised that a district court may review whether a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (stating that Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights); *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). It has

1

It also does not have the authority to review the immigration judge's May 14, 2026, denial of Petitioner's request for a new bond hearing.  (ECF No. 11-2).

Nevertheless, Petitioner wants the Court – not the district judge from the Middle District of Georgia who presided over his first habeas petition[2] – to review the proceedings before the immigration judge and find that he was not afforded an adequate individualized bond hearing. Petitioner wants a "a prompt new custody hearing before a different Immigration Judge under constitutionally adequate procedures, with the Government bearing the burden of proving by clear and convincing evidence that continued detention is necessary because Petitioner is a flight risk or danger to the community."  (ECF No. 23, p. 16).  The Court will not order a new bond hearing.   Petitioner has already received habeas relief, and an individualized bond hearing with adequate procedural protections.  He may disagree with the outcome of his court-ordered hearing and the immigration judge's weighing of the evidence, but nothing before the Court suggests that the process was deficient.  As Petitioner received a fundamentally fair bond hearing, he has failed to show a valid basis for habeas relief, and his petition will be denied.  At this juncture, his continued detention has not become constitutionally unreasonable.[3]

---

explained that a bond hearing satisfies due process if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78.

[2] It is the position of the Court that Petitioner's transfer to an immigration detention facility in this district would not deprive the district court in the Middle District of Georgia of jurisdiction over a motion to enforce at Case No. 4:26-cv-149-CDL-ALS.  *See Khalil v. President, United States*, 164 F.4th 259, 269–71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the petition).

[3] Petitioner was taken into immigration custody on June 5, 2025.  As previously noted, his bond hearing occurred on March 31, 2026.  Then, at a May 14, 2026, hearing, an immigration judge denied Petitioner's request for a new bond hearing finding that Petitioner failed to establish a

To the extent Petitioner is attempting to challenge his June 5, 2025, arrest after he was stopped while driving to work, while there does not appear to be any Fourth Amendment flaw, if there was, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if ... an unlawful arrest, search, or interrogation occurred." *Id*. This is to say that any Fourth Amendment flaw in Petitioner's arrest would not undermine his removal proceedings or his detention during those proceedings. Furthermore, the Court finds that it lacks jurisdiction over Petitioner's Fourth Amendment claim pursuant to 8 U.S.C. § 1252(b)(9) because Petitioner can raise his illegal arrest claim in a motion to suppress in an immigration court petition or in a petition for review in the appropriate court of appeals, if necessary. *See Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026) ("[T]o avoid getting channeled to a [petition for review], a claim must raise now-or-never questions, not just now-or-never harms." (emphasis in original)); *Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

As a final matter, the Court disagrees with Petitioner's claim that the immigration courts and the Board of Immigration Appeals do not function as "neutral, impartial tribunals in bond matters." (ECF No. 11, ¶ 97). It will not entertain Petitioner's challenge to the entire immigration system. The purpose of a writ of habeas corpus is only to challenge the legal

---

material change in circumstances. The Government has represented that Petitioner filed his appeal brief (regarding his removal – denial of his Form I-589) with the Board of Immigration Appeals on June 25, 2026. (ECF No. 21-1, n.6). Thus, nothing before the Court indicates that his appeal is progressing at an abnormal pace.

authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

AND NOW, this 23rd day of July 2026, IT IS HEREBY ORDERED that the Amended Petition for Habeas Corpus (ECF No. 11) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE